DOROTHY B. HAMILTON v. BUFORD L. HAMILTON, JR.

No. 99

(Filed 5 February 1979)

1. **Divorce and Alimony § 17.2; Estoppel § 5— estoppel to assert divorce as bar to alimony**

Defendant was estopped from asserting an absolute divorce as a bar to plaintiff's alimony rights where the trial judge was informed by both parties before defendant obtained the divorce that their dispute as to child custody, child support and alimony had been settled although the consent order had not yet been drawn up, the same judge then granted defendant a divorce on the assumption that a formal agreement would be reached, and the parties subsequently failed to sign a consent order.

2. **Appeal and Error § 2— scope of review—questions presented to Court of Appeals**

In a review by the Supreme Court of a decision of the Court of Appeals, a party can raise only those questions which were properly presented to the Court of Appeals. App. R. 16(a).

Justice BROCK did not participate in the consideration or decision of this case.

ON petition for discretionary review of the decision of the Court of Appeals, 36 N.C. App. 755, 245 S.E. 2d. 399 (1978) (*Mitchell, J.*, concurred in by *Brock, C.J.* and *Hedrick, J.*), which affirmed the judgment of *Cornelius, D.J.*, entered in the 22 March 1977 Session of IREDELL County District Court.

On 10 June 1976 the plaintiff-wife instituted an action for alimony without divorce and for custody and support of the

children born to the parties' marriage. The defendant-husband counterclaimed for an absolute divorce based on separation for over one year. He also asked for custody of the children.

The trial was originally scheduled for 29 September 1976. On that date the attorneys for both plaintiff and defendant met with the judge in chambers and stated that the parties had agreed to a settlement of their differences. The resolution was held open pending the execution of a consent order, and on 26 October 1976 the defendant was granted an absolute divorce on his counterclaim.

Subsequently, the parties failed to sign the consent order drawn up by plaintiff's attorney. On 25 January 1977 trial was held concerning custody, support and alimony. At the close of all the evidence, defendant made a motion to amend his answer, pleading the absolute divorce previously granted him as a bar to plaintiff's right to alimony.

On 22 March 1977 the trial judge issued his order. After making findings of fact and conclusions of law, he awarded the plaintiff custody of the children, child support in the amount of $45.00 per week for each child, alimony in the amount of $50.00 per week and reasonable attorney's fees. The defendant appealed. The Court of Appeals affirmed the order, and this Court granted defendant's petition for discretionary review.

*Pope and McMillan by Constantine H. Kutteh II for the plaintiff.*

*Sowers, Avery & Crosswhite by William E. Crosswhite and McElwee, Hall & McElwee by John E. Hall for the defendant.*

COPELAND, Justice.

[1] The only assignment of error properly before this Court is whether the absolute divorce granted to defendant bars plaintiff's right to alimony in this case. Because we find that it does not, the decision of the Court of Appeals is affirmed.

The defendant correctly points out that a dependent spouse's right to alimony is controlled by G.S. 50-16.2. He argues that this plaintiff is denied that right because at the time of the award, she was not a "dependent spouse" as defined in G.S. 50-16.1(3) because

she was not a spouse. Furthermore, the defendant claims alimony in this situation is forbidden by G.S. 50-11(a), which states that, subject to certain exceptions, "[a]fter a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine." *See Mitchell v. Mitchell*, 270 N.C. 253, 154 S.E. 2d 71 (1967).

The Legislature has recognized and dealt with this situation should it arise in the future through its recent addition to G.S. 50-6. That provision stipulates that "no final judgment of divorce shall be rendered under this section [on the basis of separation of one year] until the court determines that there are no claims for support or alimony between the parties or that all such claims have been fully and finally adjudicated." Notwithstanding the fact that the new proviso does not apply to this case, we hold that the defendant is estopped from asserting the divorce as a bar to plaintiff's alimony rights under these circumstances.

Before defendant obtained the divorce, the trial judge was informed by both parties that their dispute over custody, support and alimony had been settled although the consent order had not yet been drawn up. The same judge then granted the divorce, unquestionably on the assumption that a formal agreement would be reached. "It is an equitable principle, very generally recognized, that in a given transaction a man may not assume and maintain inconsistent positions to the prejudice of another's rights. And the principle so stated is usually allowed to prevail either in court proceedings or in transactions between individuals." *Bizzell v. Auto Tire and Equipment Co.*, 182 N.C. 98, 103, 108 S.E. 439, 441 (1921).

We do not mean to imply that the defendant intentionally or fraudulently misled the plaintiff or the trial court by his assertion that the parties had settled the matters in question. However, neither bad faith, fraud nor intent to deceive is necessary before the doctrine of equitable estoppel can be applied. *Watkins v. Central Motor Lines, Inc.*, 279 N.C. 132, 181 S.E. 2d 588 (1971).

"[A] party may be estopped to deny representations made when he had no knowledge of their falsity, or which he made without any intent to deceive the party now setting up the estoppel. . . . [T]he fraud consists in the inconsistent position subsequently taken, rather than in the original conduct. It is

the subsequent inconsistent position, and not the original conduct that operates to the injury of the other party." H. MCCLINTOCK, EQUITY § 31 (2d ed. 1948).

In a somewhat analagous situation, we have invoked this doctrine to estop a defendant from pleading the statute of limitations as a bar to the plaintiffs' action. In *Nowell v. Great Atlantic & Pacific Tea Co.*, 250 N.C. 575, 108 S.E. 2d 889 (1959), the parties had been negotiating over a period of time concerning the defendant's liability for the defective construction of a building. The defendant had previously admitted fault and had assured the plaintiffs that the necessary repairs would be made. Based on this conduct, the plaintiffs delayed bringing suit for more than three years after the cause of action had accrued. In upholding judgment for the plaintiffs, this Court stated:

> "The lapse of time, when properly pleaded, is a technical legal defense. Nevertheless, equity will deny the right to assert that defense when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith. 'The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed. . . . Its compulsion is one of fair play.'" *Id.* at 579, 108 S.E. 2d at 891 (quoting *McNeely v. Walters*, 211 N.C. 112, 113, 189 S.E. 114, 115 (1937) ). *See also Watkins v. Central Motor Lines, Inc., supra.*

In neither the *Nowell* case nor this one were the defendants under a legal duty to actually enter into a binding settlement. Yet justice dictates that they not be allowed to preclude a judgment on the merits because of a technical defense obtained through their innocent yet misleading representations and conduct. This assignment of error is overruled, and the proposed amendment to defendant's answer is stricken.

[2]  The above issue is the only one raised before the Court of Appeals. The defendant now attempts to make another argument, regarding an entirely different matter, to this Court. This he cannot do. Rule 16(a) of the North Carolina Rules of Appellate Procedure stipulates that in a review by this Court of a decision of

the Court of Appeals, a party can raise only those questions that were properly presented to the appellate court below.

For the foregoing reasons, the decision of the Court of Appeals is

Affirmed.

Justice BROCK did not participate in the consideration or decision of this case.