BALDWIN MANUFACTURING COMPANY v. HERCULES, INCORPORATED

No. 7820SC532

(Filed 17 April 1979)

**Estoppel § 4.7— equitable estoppel—insufficient evidence**
      The trial court did not err in failing to find that defendant yarn manufacturer was equitably estopped from denying that it guaranteed that the type of yarn used by plaintiff in preparing sample materials would remain in production and available to the plaintiff where plaintiff's evidence revealed that, from the approximate time that the plaintiff placed its first order and continuing until it placed its last order, the plaintiff knew that defendant's salesman could not and did not guarantee the continued availability of the type of yarn which the plaintiff was using in the preparation of its sample materials.

APPEAL by plaintiff from *Hairston, Judge*. Judgment entered 2 February 1978 in Superior Court, MOORE County. Heard in the Court of Appeals 7 March 1979.

The plaintiff, Baldwin Manufacturing Company, is a producer of upholstery material. The defendant, Hercules, Incorporated, is a producer and supplier of textile fibers and yarns. Beginning in August of 1971 and continuing until February of 1972, the plaintiff placed several orders with the defendant for five colors of a specific type of yarn. The plaintiff then used that yarn to manufacture a sample line of materials which it distributed to several of its potential customers.

During March of 1972, the defendant notified the plaintiff that it was replacing with another type of yarn the specific type

of yarn it had previously sold the plaintiff. The defendant also informed the plaintiff that the defendant still had an inventory of four of the five colors of the yarn that it had previously sold the plaintiff. After receiving this information, the plaintiff did not place any additional orders for the type of yarn it had previously purchased from the defendant.

The plaintiff alleged in its complaint that the defendant knew that the plaintiff was preparing sample materials with the type of yarn it had been ordering from the defendant. The plaintiff further alleged that the defendant's discontinuance of that yarn type caused the plaintiff's business to be damaged.

At trial, the plaintiff presented its president, Werner G. Tuerpe, as its only witness. At the close of the plaintiff's case, the defendant presented one of its salesmen, William Setzer, as its only witness. At the close of all of the evidence, the trial court sitting without a jury returned a verdict in favor of the defendant. From the entry of judgment in accordance with the verdict, the plaintiff appealed.

Additional facts pertinent to this appeal are hereinafter set forth.

*Johnson, Poole & Webster, by Samuel H. Poole, for plaintiff appellant.*

*Maupin, Taylor & Ellis, P.A., by Richard C. Titus, for defendant appellee.*

MITCHELL, Judge.

The plaintiff assigns as error the failure of the trial court to apply the doctrine of equitable estoppel. In support of this assignment, the plaintiff contends that the trial court should have found that the defendant was estopped from denying that it guaranteed that the type of yarn used by the plaintiff in preparing sample materials would remain in production and available to the plaintiff. We do not agree.

The doctrine of equitable estoppel may be applied to prevent a party to a transaction from maintaining inconsistent positions concerning that transaction to the detriment of another party. *Hamilton v. Hamilton*, 296 N.C. 574, 251 S.E. 2d 441 (1979). In

discussing the doctrine of equitable estoppel, our Supreme Court
has stated:

> This estoppel arises when any one, by his acts, representa-
> tions, or admissions, or by his silence when he ought to speak
> out, intentionally or through culpable negligence induces
> another to believe certain facts to exist, and such other
> rightfully relies and acts on such belief, so that he will be
> prejudiced if the former is permitted to deny the existence of
> such facts. . . . In order to constitute an equitable estoppel,
> there must exist a false representation or concealment of
> material fact, with a knowledge, actual or constructive, of the
> truth; the other party must have been without such
> knowledge, or, having the means of knowledge of the real
> facts, must not have been culpably negligent in informing
> himself; it must have been intended or expected that the
> representation or concealment should be acted upon, and the
> party asserting the estoppel must have reasonably relied on
> it or acted upon it to his prejudice.

*Boddie v. Bond*, 154 N.C. 359, 365-66, 70 S.E. 824, 826-27 (1911).
The record before us does not reveal the existence of each of
these elements, as would be required in order for the plaintiff to
successfully invoke the doctrine of equitable estoppel against the
defendant.

The plaintiff's witness Tuerpe gave the following testimony
on cross-examination with regard to guarantees that the type of
yarn used by the plaintiff in the production of its sample line of
materials would remain in production:

> I asked Mr. Setzer about a guarantee for yarn in 1971,
> and in January and February of 1972—every time he came;
> every time I saw him in the summer and fall of 1971 to the
> winter of 1971 and the winter of 1972. Every month that he
> came there, I told him that we needed a guarantee because
> he had a new line and we had a new line, and we got to have
> the knowledge that the yarn will be available for active pro-
> duction in 1972 to '73, and we've got to have that guarantee
> of availability. I said, "I need a guarantee. Can you give it to
> me?" He says, "No, that will have to come from authoritative
> sources in the company and I will get you that which is
> necessary."

The remainder of the witness' testimony on direct and cross-examination was consistent with this testimony. He further testified that, as late as February of 1972, Setzer had still not given him a guarantee that the availability of the yarn would continue. On each occasion, however, Setzer had indicated that the type of yarn in question was then available.

We find that the plaintiff's evidence at trial revealed that, from the approximate time that the plaintiff placed its first order and continuing until it placed its last order, the plaintiff knew that Setzer could not and did not guarantee the continued availability of the type of yarn which the plaintiff was using in the preparation of its sample materials. Nothing in the evidence before the trial court indicated that Setzer had falsely represented the facts to be otherwise or attempted to conceal those facts from the plaintiff. In light of the plaintiff's knowledge of the actual facts, it would not have been reasonable for the plaintiff to rely upon an assumption that the continued availability of the yarn was guaranteed. Therefore, several of the elements essential to the plaintiff's attempt to invoke the doctrine of equitable estoppel so as to prohibit the defendant from denying that it gave such a guarantee are absent in the present case. The trial court correctly declined to apply the doctrine of equitable estoppel against the defendant, and this assignment of error is overruled.

The judgment of the trial court is

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.