ELNA MAE KEARNS COLEMAN WISE v. JOSEPH BARTOW WISE

No. 7819DC813

(Filed 19 June 1979)

**1. Witnesses § 7.1— leading question improper**

In an action for alimony pendente lite and permanent alimony, the trial court did not err in sustaining defendant's objection to the question by plaintiff's attorney, "And from all that information, that evidence, and the stipulations, Judge Grant entered a permanent alimony order of support; is that correct?" since that was a leading question and it called for a conclusion of law by the plaintiff as to the meaning of certain facts.

**2. Appeal and Error § 49— attorney's statement unsupported by evidence—leading question**

The trial court in an alimony action did not err in sustaining defendant's objection to a statement by plaintiff's counsel with respect to a stipulation of which there was no evidence in the record and a leading question for which no basis existed in the record.

**3. Attorneys at Law § 4; Appeal and Error § 49.2— testimony by attorney excluded—evidence irrelevant**

In an action for alimony pendente lite and permanent alimony the trial court did not err in refusing to allow plaintiff's counsel to withdraw and to testify as a witness, since the testimony of the attorney which would have concerned the rendition of an order and judgment by the trial court at an earlier hearing would not have been relevant to a determination of whether a judgment and order for permanent alimony had been entered, as a judgment directing the payment of permanent alimony is not entered until the clerk makes a notation in his minutes, and the proposed testimony of counsel would not have tended to prove the existence of such a notation.

**4. Rules of Civil Procedure § 58— no entry of judgment—judgment and order tendered by plaintiff one year later—refusal to sign proper**

Where the trial court had no independent recollection of what had occurred at a hearing for alimony held more than a year earlier and no judgment had been entered at the conclusion of that hearing in accordance with the provisions of G.S. 1A-1, Rule 58, the trial court did not err in refusing to sign the judgment and order proposed and tendered by plaintiff.

**5. Divorce and Alimony § 20— no alimony order entered prior to divorce decree —sufficiency of evidence**

The trial court did not err in concluding as a matter of law that no final order or judgment for permanent alimony had been entered at the time that defendant was granted an absolute divorce, since there was nothing in the record from which it could be found as a matter of law that such judgment or order had been entered.

---

---

APPEAL by plaintiff from *Grant, Judge.* Judgment entered 26 April 1978 in District Court, RANDOLPH County. Heard in the Court of Appeals 23 May 1979.

The plaintiff instituted this action against the defendant on 2 October 1975 seeking alimony pendente lite and permanent alimony. A hearing was held on 30 October 1975 concerning the plaintiff's claim for alimony pendente lite. At the conclusion of that hearing, the trial court entered an order directing the defendant to pay the plaintiff $40 per week as alimony pendente lite. On 29 November 1976, a hearing was held concerning the plaintiff's claim for permanent alimony. The record does not indicate the outcome of that hearing, but it does indicate that the plaintiff's attorney was directed to prepare an order for the trial court in connection with the case.

On 14 January 1977, the defendant filed a separate action against the plaintiff seeking an absolute divorce. On 29 November 1977, a jury found that the defendant was entitled to the requested relief, and the trial court then entered a judgment granting the defendant an absolute divorce.

On 14 December 1977, the plaintiff prepared and presented to the trial court a proposed order and judgment declaring that the trial court had found, at the hearing held in this action on 29 November 1976, that the plaintiff was entitled to permanent alimony. The trial court never signed or entered the proposed order and judgment.

Eight days later, the defendant moved to dismiss the plaintiff's action for permanent alimony or, in the alternative, for summary judgment. A hearing was held concerning the defendant's motion. The trial court found facts and concluded that no order or judgment for permanent alimony had been entered in this action prior to the entry of the absolute divorce in favor of the defendant in his subsequent action against the plaintiff. The trial court then entered judgment allowing the defendant's motion and dismissing with prejudice the plaintiff's action. From the entry of that judgment by the trial court, the plaintiff appealed.

Additional facts pertinent to this appeal are hereinafter set forth.

*Ottway Burton for plaintiff appellant.*

*Miller, Beck and O'Briant, by Adam W. Beck, for defendant appellee.*

MITCHELL, Judge.

**[1]** The plaintiff first assigns as error the trial court's ruling on an objection to a question put to the plaintiff on direct examination. During the direct examination of the plaintiff, her attorney asked, "And from all that information, that evidence, and the stipulations, Judge Grant entered a permanent alimony order of support; is that correct?" The trial court sustained the objection of the defendant to the question. We find the action of the trial court in this regard was correct.

The question by the plaintiff's attorney was a leading question. Generally, leading questions may not be asked on direct examination. 1 Stansbury's N.C. Evidence § 31 (Brandis rev. 1973). The question also called for a conclusion of law by the plaintiff as to the meaning of certain facts. Although a non-expert may testify concerning facts that are within her knowledge, she may not testify as to the legal effect of those facts. 1 Stansbury's N.C. Evidence § 130 (Brandis rev. 1973). The trial court properly sustained the defendant's objection and this assignment of error is overruled.

**[2]** The plaintiff's second assignment of error is directed to the trial court's action in sustaining objections by the defendant to the testimony of a witness for the plaintiff on direct examination. During the course of the hearing concerning the defendant's motion to dismiss or for summary judgment, the following transpired:

> Q. Well, to refresh your recollection, it's stipulated by and between counsel that an order was entered by Judge Hammond on October the 30th, 1975 ordering permanent alimony for Elna Mae Kearns Coleman Wise in Civil action entitled *Elna Mae Kearns Coleman Wise, plaintiff, vs. Joseph Bartow Wise.*

> MR. BECK: OBJECTION.

> THE COURT: SUSTAINED.

BY MR. BURTON:

Q. Do you remember that, that statement being made by —

MR. BECK: OBJECTION.

THE COURT: SUSTAINED.

The first remark by the plaintiff's counsel was a statement rather than a question and was not admissible into evidence. Additionally, nothing in the record on appeal reveals that any such stipulation ever existed. The second remark by the plaintiff's counsel was made in the form of a leading question for which no basis exists in the record. Therefore, the trial court properly sustained the defendant's objections. This assignment of error is overruled.

[3] The plaintiff next assigns as error the failure of the trial court to allow the plaintiff's counsel to withdraw as counsel and to testify as a witness. Although the plaintiff's counsel was not allowed to testify, the trial court did permit him to state what his testimony would have been if he had been allowed to testify. Having examined that proposed testimony, we have determined that the trial court's refusal to allow the plaintiff's counsel to testify did not constitute prejudicial error.

The record reveals that the testimony of the plaintiff's counsel would have concerned the rendition of an order and judgment by the trial court at the conclusion of the 29 November 1976 hearing. Evidence relating to the rendition of any such judgment would not have been relevant to a determination of whether a judgment and order for permanent alimony had been entered. A judgment directing the payment of permanent alimony is not entered until the clerk makes a notation in his minutes of the rendition of judgment by the trial court. G.S. 1A-1, Rule 58. The proposed testimony of counsel for the plaintiff would not have tended to prove the existence of a notation in the minutes of the clerk and was not relevant evidence regarding the entry of any such judgment. Therefore, exclusion of the proposed testimony of counsel for the plaintiff was not prejudicial to the plaintiff and her assignment of error is overruled.

[4] The plaintiff next assigns as error the trial court's refusal to sign the order and judgment which she tendered to the court on

14 December 1977. Those documents were presented to the trial court more than a year after the trial court had directed their preparation by counsel for the plaintiff. When the trial court was presented with the documents, it apparently was unable to recall whether they set forth its earlier decision. In an effort to accommodate the plaintiff, the trial court heard evidence concerning the earlier proceedings. At the conclusion of that evidence, however, the trial court found as a fact that the court had no independent recollection of matters relating to the hearing of 29 November 1976. As the trial court possessed no independent recollection of what had occurred at the 29 November 1976 hearing and no judgment had been entered at the conclusion of that hearing in accordance with the provisions of G.S. 1A-1, Rule 58, the trial court did not err in refusing to sign the judgment and order proposed and tendered by the plaintiff.

The plaintiff has made several assignments of error directed to the trial court's findings of fact. In support of her assignments, the plaintiff contends that the findings were not supported by the evidence. We have reviewed the findings of fact and find that each was fully supported by evidence properly before the court. Those assignments are overruled.

[5]  Finally, the plaintiff assigns as error the trial court's conclusion as a matter of law that no final order or judgment for permanent alimony had been entered at the time that the defendant was granted an absolute divorce from the plaintiff. There is nothing in the record from which it could be found as a matter of law that a judgment or order for permanent alimony was entered prior to the judgment of absolute divorce. There is no notation in the minutes of the clerk to indicate that a judgment was entered, no signed judgment or order and no transcription of an oral judgment or order. We must conclude, as did the trial court, that no judgment for permanent alimony had been entered in this action at the time the judgment granting the defendant an absolute divorce was entered in the separate action brought by him against the plaintiff. This assignment is overruled.

G.S. 50-11(a) provides that, subject to certain exceptions, "[a]fter a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine." Therefore, the trial court, having concluded that a judgment of

absolute divorce had been entered in favor of the defendant, did not err in entering a judgment dismissing this action by the plaintiff for alimony in which no judgment had been entered. *See Hamilton v. Hamilton*, 296 N.C. 574, 251 S.E. 2d 441 (1979).

Effective 1 August 1977, the General Assembly amended G.S. 50-6 to provide that "no final judgment of divorce shall be rendered under this section [on the ground of separation of one year] until the court determines that there are no claims for support or alimony between the parties or that all such claims have been fully and finally adjudicated." The new proviso to that statute does not control, however, in this action initiated by the plaintiff prior to its effective date.

For the reasons previously set forth, the judgment of the trial court is

Affirmed.

Judges PARKER and MARTIN (Harry C.) concur.