GEER, Judge.
Plaintiff William Eric Hance appeals from an order pursuant to Rule 12(b)(6) of the Rules of Civil Procedure dismissing the majority of the causes of action alleged against defendants First Citizens Bank & Trust Company ("FCB"), Jackie Dixon, and Chris Mills, and from a subsequent order granting defendants' motion for summary judgment as to the remaining claims. On appeal, plaintiff makes no argument with respect to the summary judgment order, and we deem his appeal of that order abandoned.
With respect to the Rule 12(b)(6) dismissal of his claims, plaintiff argues that the trial court erred in concluding that certain claims were barred by the statute of limitations given his claim for equitable estoppel, which he argues operated to toll the statute of limitations. However, rather than pointing to the allegations in his complaint, plaintiff's argument relies on evidence produced subsequent to the filing of the complaint that was not presented to the trial court and is immaterial to the question whether dismissal was proper under Rule 12(b)(6). Based on our review of plaintiff's complaint, we hold that he failed to allege the essential elements of equitable estoppel, and we affirm.
Plaintiff's remaining claims for breach of fiduciary duty and constructive fraud each required plaintiff to plead facts establishing the existence of a fiduciary relationship. However, the allegations of plaintiff's complaint show only an ordinary relationship between a bank and its customer, which, under controlling authority, is insufficient to establish that a fiduciary relationship exists. Because the trial court properly dismissed these claims, as well, we affirm.
Facts
Plaintiff's complaint includes the following allegations, the majority of which are made "[u]pon information and belief." Plaintiff owned and operated a sole proprietorship named "Team Trucking" which was a trucking and shipping business. Plaintiff owned the trucks, trailers, and equipment necessary to conduct the business and employed drivers to ship and deliver materials to locations across the country. Defendant FCB is a North Carolina banking corporation, and defendant Dixon is an employee of FCB. Plaintiff maintained a bank account at FCB.
In 2002, plaintiff, d/b/a Team Trucking, entered into a contract with Fiber Composites, LLC, to deliver and remove materials to and from Fiber's manufacturing facility in Stanly County, North Carolina. Beginning in 2004, defendant Chris Mills was an employee of Team Trucking. In the course of his employment, Mills drove trucks, delivered materials, operated equipment and otherwise assisted plaintiff in fulfilling his contractual obligations with Fiber. During this time, Mills was also employed by the Union County Sheriff's Department.
In or about April 2005, Mills began soliciting plaintiff's bank records from FCB employee Jackie Dixon without plaintiff's authorization or consent. Dixon accessed plaintiff's bank records on 37 occasions from April 2005 until January 2008. Mills, relying on the information he obtained from Dixon, approached Fiber with a lower bid offer than plaintiff had contracted for under the Fiber contract. Fiber refused Mills' initial offer.
Mills, in an attempt to obtain the Fiber contract, made false statements to law enforcement officers and used his influence and connections with the sheriff's department to have plaintiff arrested and charged with felony possession of stolen goods and two counts of felony larceny in Stanly County. Mills, or an unknown individual working at his direction, informed Fiber of the charges against plaintiff. Mills then approached Fiber with an offer for the Fiber contract, and Fiber accepted. In January 2009, Fiber terminated the contract with plaintiff as a result of the pending felony charges against him and the lower bid that Fiber accepted from Mills.
On 2 August 2012, plaintiff initiated this lawsuit and asserted the following claims: (1) tortious interference with contract against all defendants, (2) tortious interference with prospective economic advantage against all defendants, (3) breach of contract against FCB, (4) violation of the North Carolina Identity Theft Protection Act against FCB and Dixon, (5) violation of the North Carolina Financial Privacy Act and the Right to Financial Privacy Act against all defendants, (6) unfair and deceptive trade practices against FCB and Dixon, (7) breach of fiduciary duty against FCB, (8) negligence against all defendants, (9) fraud and/or constructive fraud against all defendants, (10) punitive damages, and (11) equitable estoppel and fraudulent concealment.
On 8 October 2012, defendants filed motions to dismiss pursuant to Rule 12(b)(6). A hearing on defendants' motions was held before Judge Christopher W. Bragg on 28 January 2013 and, on 15 February 2013, the trial court entered an order dismissing all claims except for the claims of negligence and unfair and deceptive trade practices as to FCB and Dixon.
On 24 February 2014, FCB and Dixon moved for summary judgment as to the remaining claims. After a hearing before Judge Joseph N. Crosswhite on 10 March 2014, the trial court entered an order on 1 April 2014 granting the motion for summary judgment. Plaintiff timely appealed both orders to this Court.
Discussion
Plaintiff's notice of appeal pertains to both orders, and in the conclusion section of his appellate brief, plaintiff asks this Court to reverse both orders. However, plaintiff makes no argument and cites no authority in support of his assertion that the 1 April 2014 summary judgment order should be reversed. The Rules of Appellate Procedure provide that "[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C.R.App. P. 28(b)(6). Accordingly, we deem plaintiff's appeal of the summary judgment order abandoned and affirm that order. We limit our review to the 15 February 2013 order dismissing plaintiff's claims pursuant to Rule 12(b)(6).
When reviewing an appeal from an order granting a motion to dismiss, " '[t]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not.' " Leary v. N .C. Forest Prods., Inc.,157 N.C.App. 396, 400, 580 S.E.2d 1, 4 (quoting Grant Constr. Co. v. McRae,146 N.C.App. 370, 373, 553 S.E.2d 89, 91 (2001) ), aff'd per curiam,357 N.C. 567, 597 S.E.2d 673 (2003). "This Court must conduct a de novoreview of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." Id.
"Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim."
Lynn v. Fed. Nat'l Mortg. Ass'n,--- N.C.App. ----, ----, 760 S.E.2d 372, 375 (2014) (quoting Wood v. Guilford Cnty.,355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) ).
I
Plaintiff first challenges the trial court's dismissal, based on the statute of limitations, of plaintiff's claims for tortious interference with contract, tortious interference with prospective economic advantage, breach of contract, and violations of the North Carolina Identity Theft Protection Act, North Carolina Financial Privacy Act, and the Right to Financial Privacy Act. Plaintiff does not dispute on appeal that he failed to file his complaint within the applicable statutes of limitations periods for these claims. Rather, plaintiff asserts that he is entitled to proceed with these claims because he properly pleaded claims for equitable estoppel and fraudulent concealment, both of which operate to bar defendants from asserting the statute of limitations defense. Plaintiff, however, makes no specific argument and does not cite any authority in support of his contention that he adequately pleaded a claim for fraudulent concealment. We, therefore, limit our review to the issue of equitable estoppel. SeeN.C.R.App. P. 28(b)(6).
We first note that plaintiff's arguments regarding equitable estoppel overwhelmingly involve reliance on evidence produced subsequent to the filing of plaintiff's complaint and claims that the evidence gives rise to a genuine issue of material fact-a question appropriate when reviewing a motion for summary judgment. SeeN.C.R. Civ. P. 56(c) (motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law"). Correspondingly, "[m]atters outside the complaint are only considered in a 12(b)(6) motion if the motion has been converted into a motion for summary judgment[.]" Cash v. State Farm Mut. Auto. Ins. Co.,137 N.C.App. 192, 199-200, 528 S.E.2d 372, 377, aff'd per curiam,353 N.C. 257, 538 S.E.2d 569 (2000).
Here, the evidence upon which plaintiff relies was not presented to or considered by the trial court when ruling on the motion to dismiss, and the order does not indicate that the motion was converted into a summary judgment motion. Accordingly, the majority of plaintiff's arguments on appeal, which were not presented to the trial court, are immaterial. This Court's review is limited to the same standard as the trial court: whether the allegations of the complaint are sufficient to support a claim for equitable estoppel barring defendants from relying on a statute of limitations defense. We note that plaintiff could have moved to amend his complaint to add factual allegations based upon the evidence discovered subsequent to the filing of his complaint, but he failed to do so.
The essential elements for equitably estopping a party from asserting a statute of limitations defense are:
"(1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts. The party asserting the defense must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice."
Bryant v. Adams,116 N.C.App. 448, 460, 448 S.E.2d 832, 838 (1994) (quoting Hensell v. Winslow,106 N.C.App. 285, 290-91, 416 S.E.2d 426, 430 (1992) ).
In support of his claim for equitable estoppel, plaintiff alleged that defendants "actively, affirmatively, and deliberately concealed their identity and actions as tortfeasors to [plaintiff]." Specifically, plaintiff alleged that "[d]uring the same period that repeated security breaches to [plaintiff's] account were occurring, FCB intentionally misled and/or deceived [plaintiff] about the security of his account by continually reaffirming their contractual promise to [plaintiff] that they were not, had not, nor would not, disclose his Bank Records without proper authorization...." Plaintiff alleged that FCB and Dixon "knew or should have known the real facts of the underlying fraudulent activities" and that their conduct constituted "positive and false misrepresentations and/or willful concealment of material facts with the intention of preventing [plaintiff] from acting on the knowledge of these false representations and/or concealment of facts."
In other words, plaintiff contends that defendants should be equitably estopped from asserting the statute of limitations because they failed to notify plaintiff of the alleged security breaches and consistently denied any wrongdoing, with the purpose of preventing plaintiff from discovering their wrongful conduct and filing a timely complaint. While defendants argue vigorously that these are conclusory allegations that are unsupported by adequate allegations of fact, we need not decide that issue. It is clear that the complaint fails to allege two other essential elements of equitable estoppel: that plaintiff (1) lacked the means of knowledge as to the real facts in question, and (2) relied upon the conduct of defendants to his prejudice.
Plaintiff alleges that he did not become aware of FCB's and Dixons' unauthorized disclosures to Mills until on or after 13 August 2009 when FCB produced documents in response to a subpoena issued as a part of plaintiff's criminal case. FCB's response to the subpoena is attached as an exhibit to the complaint and contains bank records listing the dates when Dixon accessed plaintiff's bank account.
However, even assuming that plaintiff lacked any actual knowledge of defendants' alleged tortious conduct until August 2009, plaintiff makes no allegation that he was denied the opportunity to investigate any wrongdoing until that date. Indeed, the existence of FCB's response to a subpoena in plaintiff's criminal case shows that plaintiff in fact suspected wrongdoing-despite defendants' alleged failure to disclose their conduct-and had the means to investigate his suspicions by obtaining a subpoena. Our Supreme Court has held that equitable estoppel will ordinarily be denied where "the party claiming it was put on inquiry as to the truth and had available the means for ascertaining it." Hawkins v. M & J Fin. Corp.,238 N.C. 174, 179, 77 S.E.2d 669, 673 (1953). In this case, we hold that plaintiff's complaint fails to allege that plaintiff lacked the means to discover defendants' alleged wrongdoing. Compare Bryant,116 N.C.App. at 460, 448 S.E.2d at 838 (allegations that the defendant "thwarted discovery efforts regarding specific facts" and that the defendant "was the only individual who possessed the information plaintiffs sought" sufficient to establish claim for equitable estoppel to survive motion to dismiss pursuant to Rule 12(b)(6) ). Further, the complaint lacks any allegation that plaintiff relied on defendants' alleged misrepresentations in delaying the filing of this lawsuit. Accordingly, we hold that the allegations of plaintiff's complaint are insufficient to state a claim for equitable estoppel.
Plaintiff additionally argues that defendants should be equitably estopped because they have taken subsequent inconsistent positions. This Court has explained that " '[a] party may be estopped to deny representations made when he had no knowledge of their falsity, or which he made without any intent to deceive the party now setting up the estoppel. The fraud consists in the inconsistent position subsequently taken, rather than in the original conduct.' ... Under this alternative expression of equitable estoppel, '[i]t is the subsequent inconsistent position, and not the original conduct that operates to the injury of the other party.' " Ussery v. Branch Banking & Trust Co.,--- N.C.App. ----, ----, 743 S.E.2d 650, 655 (2013) (quoting Hamilton v. Hamilton,296 N.C. 574, 576-77, 251 S.E.2d 441, 443 (1979) ).
Plaintiff argues that prior to the filing of this action, defendants maintained that no security breaches occurred, but then changed their position in November 2013 when Dixon admitted during a deposition that she had disclosed to Mills on several occasions whether there were sufficient funds in plaintiff's account to cover a check written from plaintiff to Mills. This argument is based entirely upon evidence discovered subsequent to the filing of the complaint that was not before the trial court and is immaterial to the issue whether the trial court properly dismissed the claims.
In short, we hold that the allegations of plaintiff's complaint are insufficient to establish a claim for equitable estoppel. We therefore affirm the trial court's dismissal based on the statute of limitations of plaintiff's claims for tortious interference with contract, tortious interference with prospective economic advantage, breach of contract, and violations of the North Carolina Identity Theft Protection Act, North Carolina Financial Privacy Act, and the Right to Financial Privacy Act.
II
Next, plaintiff contends that the trial court erred in dismissing his claims for breach of fiduciary duty and constructive fraud against FCB and Dixon. "A claim for breach of fiduciary duty requires the existence of a fiduciary relationship." White v. Consol. Planning, Inc.,166 N.C.App. 283, 293, 603 S.E.2d 147, 155 (2004). Similarly, the essential elements of a claim for constructive fraud are: "(1) a relationship of trust and confidence, (2) that the defendant took advantage of that position of trust in order to benefit himself, and (3) that plaintiff was, as a result, injured."Id.at 294, 603 S.E.2d at 156. "The primary difference between pleading a claim for constructive fraud and one for breach of fiduciary duty is the constructive fraud requirement that the defendant benefit himself." Id.The issue on appeal is whether the complaint sufficiently alleges a fiduciary relationship to support plaintiff's claims for breach of fiduciary duty and constructive fraud.
"A fiduciary duty arises when there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." Branch Banking & Trust Co. v. Thompson,107 N.C.App. 53, 60, 418 S.E.2d 694, 699 (1992) (internal quotation marks omitted). Generally, an ordinary debtor-creditor relationship does not give rise to a fiduciary relationship. Id.at 61, 418 S .E.2d at 699. "This is not to say, however, that a bank-customer relationship will never give rise to a fiduciary relationship given the proper circumstances. Rather, parties to a contract do not thereby become each others' fiduciaries; they generally owe no special duty to one another beyond the terms of the contract and the duties set forth in the U.C.C." Id.(internal citation omitted).
In this case, plaintiff's complaint alleges that "a bank who has a customer's accounts, loans, lines of credit, and/or other financial relationships with a customer has a fiduciary duty to the customer...." The sole authority cited by plaintiff in support of his contention that a fiduciary relationship existed between him and FCB is an unpublished business court case that is not binding authority.[1] Thompson,on the other hand, is controlling authority and establishes that an ordinary relationship between a bank and its customers does not, without more, impose upon the bank any special duties to its customers. Plaintiff has failed to allege any facts in his complaint that would take his case outside of the rule set forth in Thompsonand establish a special relationship between FCB and plaintiff pursuant to which FCB would owe plaintiff a special duty beyond those set forth by the banking contracts. Accordingly, we hold that the trial court did not err in dismissing plaintiff's claims for breach of fiduciary duty and constructive fraud. See id.(holding trial court properly granted lender-bank's motion for summary judgment on defendants-borrowers' claim for breach of fiduciary duty because record established only a debtor-creditor relationship and "[did] not reveal any facts suggesting that [defendants] reposed any sort of special confidence in [the bank] which would serve to give rise to a fiduciary relationship").[2]
AFFIRMED.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).
Judge STEELMAN concurred in this opinion prior to 30 June 2015.
Opinion
Appeal by plaintiff from orders entered 15 February 2013 by Judge Christopher W. Bragg and 1 April 2014 by Judge Joseph N. Crosswhite in Union County Superior Court. Heard in the Court of Appeals 4 December 2014.

We also note that plaintiff did not attach a copy of the unpublished opinion to his brief. See N.C.R.App. P. 30(e)(3) ("[A] party may cite the unpublished opinion if that party serves a copy thereof on all other parties in the case and on the court to which the citation is offered.").

Because we affirm the dismissal of plaintiff's substantive claims, we need not address plaintiff's claims for punitive damages. See N.C. Gen.Stat. § 1D-15(a) (2013) ("Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages" and that an aggravating factor was present.).