J. H. FERGUSON, ADMR. CTA OF THE ESTATE OF GEORGE WASHINGTON
CROOM v. GEORGE FRANKLIN CROOM, LILLIAN CROOM NICHOLS,
KATHRYN CROOM TURNER, ERNEST EDWARD CROOM, KIMBERLY
JOYCE CROOM AND LILLIAN MARLENE NICHOLS NUNALEE

No. 845SC698

(Filed 5 March 1985)

**1. Appeal and Error § 25— cross-assignments of error—attack on judgment—dismissed**

Where one of several defendants appealed and assigned error, but filed an appellee's brief and attempted to cross-assign error, her brief was not properly before the court because she was attempting to overturn the court's judgment rather than support it, and her brief was dismissed. N. C. Rules of Appellate Procedure 10(d), 13(c).

**2. Descent and Distribution § 1.1— property outside will—disinherited children—intestate succession**

In an action in which the administrator CTA sought to determine who was to share in certain assets not devised by a will which lacked a residuary clause, the trial court erred by excluding two children because the will evidenced an intent that they should be disinherited. G.S. 29-8 creates a mandatory plan for disposing of a decedent's property which does not pass by will through intestate succession without regard to the intent expressed by a testator in a will. G.S. 29-8; G.S. 29-16.

APPEAL by defendants Kathryn Croom Turner, Ernest Edward Croom, and Kimberly Joyce Croom by her Guardian Ad Litem, from *Llewellyn, Judge.* Judgment entered 20 April 1984 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 14 February 1985.

On 25 October 1983, J. H. Ferguson, Administrator CTA of the will of George Washington Croom, brought this declaratory judgment action seeking a determination as to the interest of Croom's heirs in certain assets of the estate. On 21 June 1983, George Washington Croom died testate. In his will Croom left various bequests of real and personal property to his children and a grandchild. In Item Eight of his will Croom stated "I leave nothing whatsoever to my daughter Kathryn Elizabeth Turner, and my son Ernest Edward Croom." At his death, Croom also left three optional share certificates in Carolina Savings & Loan Association issued to George W. Croom or Kimberly Joyce Croom, the deceased's minor daughter. Each of these certificates

had attached to it an "Agreement Concerning Stock in Carolina Savings and Loan Association" which purported to create a joint account with a right of survivorship. Two of these agreements were signed by George Croom only and the third agreement was not signed at all. None of these certificates were specifically devised by Croom's will and the will contained no residuary clause. The plaintiff by this action seeks a determination as to who is entitled to share in these assets.

The cause was heard at the 9 April 1984 term of New Hanover County Superior Court by Judge Llewellyn sitting without a jury. On 20 April 1984, the trial court entered an order in which it concluded that the optional share certificates did not satisfy the statutory requirements necessary to pass by joint survivorship and, thus, became part of the Croom estate. The court then ruled that since there was no residuary clause the proceeds of the share certificates were to be distributed by the laws of intestate succession, except that Kathryn Elizabeth Turner and Ernest Edward Croom were to take nothing because the testator had evidenced, by his will, an intent to disinherit them. Kimberly Joyce Croom appealed excepting to that portion of the judgment in which the court found that share certificates failed to pass by right of survivorship, and Kathryn Elizabeth Turner and Ernest Edward Croom appealed excepting from that portion of the judgment in which the court found that they were to be excluded from taking under the laws of intestate succession.

*Ferguson & Baker, by Jeffery R. Baker, for plaintiff appellee.*

*Legal Services of the Lower Cape Fear, by James J. Wall, for defendant appellant Kimberly Joyce Croom.*

*Hewlett & Collins, by Addison Hewlett, Jr. and John Collins, for defendant appellants Ernest Edward Croom and Kathryn Elizabeth Turner.*

ARNOLD, Judge.

[1] The record indicates that Kimberly Joyce Croom appealed from the court's judgment and assigned error. However, no appellant's brief was filed in support of Kimberly's appeal. Instead, counsel filed an appellee's brief and attempted, pursuant to Rule 10(d) of the Rules of Appellate Procedure, to cross-assign as error Kimberly's exceptions noted at the time of her appeal.

Rule 10(d) of the Rules of Appellate Procedure permits an appellee to cross-assign as error any actions of the trial court which deprive the appellee of an alternative basis in law for supporting the judgment from which appeal has been taken. Since Kimberly in her appellee's brief is attempting to overturn the court's judgment rather than support it, her cross-appellee's brief is not properly before the court. Rule 13(c) of the Rules of Appellate Procedure states that "[i]f an appellant fails to file and serve his brief within the time allowed, the appeal may be dismissed . . . on the court's own initiative." Pursuant to the provisions of Rule 13(c) the appeal of Kimberly Joyce Croom is hereby dismissed.

[2] By their appeal, Ernest Edward Croom and Kathryn Elizabeth Turner contend the court erred by concluding that they were not to share in the property which passed by partial intestacy because the deceased's will evidenced an intent that they should be disinherited. We agree, therefore, we reverse.

G.S. 29-8 states: "If part but not all of the estate of a decedent is validly disposed of by his will, the part not disposed of by such will *shall* descend and *be distributed as intestate property*." (Emphasis added.) G.S. 29-8 creates a mandatory plan for disposing of a decedent's property which does not pass by will. It directs that the property pass by intestate succession without regard to the intent expressed by a testator in a will. The statute, which was adopted in 1959, was a codification of our common law. *See Dunlap v. Ingram*, 57 N.C. 178 (4 Jones Eq.) (1858) (where our Supreme Court held that property not disposed of by will passes as directed by the law regardless of attempts by the testator to disinherit the lawful takers). The rule adopted by G.S. 29-8 is also in accordance with the rule followed by a majority of our sister states. *See* Annot., 100 A.L.R. 2d 325 (1965).

Under the Intestate Succession Act each of testator's children is entitled to take an equal share of the property not disposed of by his will. G.S. 29-16. Thus, the trial court erred in excluding Kathryn Elizabeth Turner and Ernest Edward Croom from taking a share of the intestate property. The judgment of the court is reversed and the case is remanded for the entry of judgment consistent with this opinion.

Reversed.

Judges EAGLES and PARKER concur.