TARLTON v. STIDHAM

[122 N.C. App. 77 (1996)]

WARD G. TARLTON AND JOHN P. TARLTON, CO-EXECUTORS OF THE ESTATE OF EDNA T. GRIGGS, HARVEY HOLLIS TARLTON, WARD GERALD TARLTON, JOHN P. TARLTON, FRANCES T. WEBB, JAMES B. TARLTON, JR., RANDY H. TARLTON, SANDY B. TARLTON, RENA ANN TARLTON, PATTI J. TARLTON, ROBERT L. CAGLE, III, MARY EDNA WILLIAMS, NED FRYE TARLTON, AND JEAN T. PELLETIER, PLAINTIFFS V. SHIRLEY GRIGGS STIDHAM, ADMINISTRATRIX OF THE ESTATE OF JOHN C. GRIGGS, JR., AND SHIRLEY GRIGGS STIDHAM, INDIVIDUALLY, AND HUS-BAND, KYLE STIDHAM; RUTH GRIGGS SHORT AND HUSBAND, WILLIAM M. SHORT; SARA GRIGGS JARMAN AND HUSBAND, EDWARD JARMAN; PEGGY GRIGGS HURST AND HUSBAND, MICKEY HURST; PATRICIA GRIGGS LOCKLEAR AND HUSBAND, CAMERON LOCKLEAR; PAULA STORK AND HUSBAND, R.J. STORK, JR.; AND RUTH COLEY GRIGGS, DEFENDANTS

No. COA95-177

(Filed 19 March 1996)

1. Wills § 100 (NCI4th)— life interest in land to wife— remainder interest to wife under intestate succession— doctrine of merger applicable

Where decedent's husband left her all his personal property and a life estate in his real property, he did not provide a testamentary disposition either specifically or through a residuary clause for the four parcels of land in dispute between the parties, and he died without lineal heirs or parents, then the remainder interests in the four parcels passed to decedent via intestacy, and, through the doctrine of merger, her remainder interest merged with her life interest, creating a fee simple estate in the four parcels, which passed, pursuant to her will, to plaintiffs.

Am Jur 2d, Trusts § 116.

Trusts: merger of legal and equitable estates where sole trustees are sole beneficiaries. 7 ALR4th 621.

2. Wills § 152 (NCI4th)— life interest in property to wife — remainder interest to wife under intestate succession— dissent from will not required

There was no merit to defendants' contention that decedent, who, pursuant to her husband's will, took a life interest in his land, was required to dissent from the will if she wanted to take a remainder interest in the land under intestate succession, since N.C.G.S. § 30-1 does not require such an election.

Am Jur 2d, Wills § 1646.

Construction, application, and effect of statutes which deny or qualify surviving spouse's right to elect against deceased spouse's will. 48 ALR4th 972.

TARLTON v. STIDHAM

[122 N.C. App. 77 (1996)]

3. **Estoppel § 13 (NCI4th)— distribution under will—equitable estoppel—summary judgment for plaintiffs proper**

In a declaratory judgment action to determine distribution of real property under a will, the trial court did not err in granting summary judgment for plaintiffs on the issue of estoppel, since defendant did not present any evidence indicating that decedent acted with knowledge of the real facts with regard to the four parcels; even it decedent did represent to defendants that they, as remaindermen, owed inheritance taxes on the parcels, defendants did not demonstrate a lack of knowledge and means of knowledge as to the real facts in question; and if the inheritance tax was improperly paid by defendants, the proper remedy would be for unjust enrichment, not equitable estoppel.

**Am Jur 2d, Summary Judgment §§ 15, 26, 27.**

**Estoppel to contest will or attack its validity by acceptance of benefits thereunder. 78 ALR4th 90.**

Appeal by plaintiffs and cross appeal by defendants from summary judgment entered 12 December 1994 by Judge Marvin K. Gray in Anson County Superior Court. Heard in the Court of Appeals 14 November 1995.

*Wilson & Waller, P.A., by Betty S. Waller, for plaintiff appellants.*

*E.A. Hightower and Robert G. Sanders for defendant appellees.*

SMITH, Judge.

In this appeal from summary judgment against them, plaintiffs seek a declaratory judgment concerning distribution of property under a will. Plaintiffs represent the estate of Edna T. Griggs (decedent), who died testate in 1994. Defendants are the brothers and sisters (and others similarly situated) of the decedent's late husband, Walter Eugene Griggs (Griggs), who died partially testate in 1982. The central issue concerns whether four parcels of land from the Griggs estate passed as a life estate to decedent, with remainder to defendants, or in fee simple to decedent, with no remainder to defendants. As a subsidiary issue, defendants cross appeal, claiming the trial court should not have granted summary judgment for plaintiffs on the issue of estoppel.

**TARLTON v. STIDHAM**

[122 N.C. App. 77 (1996)]

We hold that the four parcels in question passed to plaintiffs in fee simple, via North Carolina's Intestate Succession Act. We also hold that plaintiffs are not equitably estopped from claiming a fee simple interest in the property involved in this dispute. Thus, we reverse the judgment of the trial court on the will construction issue and affirm the trial court's denial of defendants' estoppel claim against plaintiffs.

The facts in this case are undisputed. Thus, to sustain the trial court's grant of summary judgment on the partial intestacy issue, defendants (as the moving party) must show they are entitled to judgment as a matter of law. *Kessing v. National Mortg. Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971). Defendants have not met this burden, as is explained herein.

Walter Eugene Griggs executed a will in 1963. In that will, Walter Eugene Griggs bequeathed all of his personal property, and a life estate in all of his real property, to his wife Edna T. Griggs. At his death in 1982, Walter Griggs owned seven parcels of land. Walter Griggs' will specifically reserved a remainder interest in three of the seven tracts of land to his brothers and sisters. In the will, Walter Griggs did not specifically dispose of the remaining four parcels, which were acquired by him subsequent to the execution of his will in 1963. Walter Griggs' will contained no residuary clause; thus no provision exists under the will for the passing of the four parcels not specifically bequeathed.

In 1994, Edna T. Griggs died testate. Edna Griggs' will contained a residuary clause, which allocated all of her property not specifically bequeathed to the instant plaintiffs, her brothers and sisters and their lineal descendents. Defendants argue Edna Griggs was not an heir to the four parcels in question, as "she could not take under the intestacy laws," because "a reversion was created [under Walter Griggs' will] which vested in his heirs." Defendants contend this "reversion" reflects the "paramount intent of the testator." By "his heirs," defendants mean the brothers and sisters (and their lineal descendents) of Walter Griggs. Defendants also argue that Edna Griggs must have dissented from Walter Griggs' will in order to claim the remainder interest in the four parcels. Defendants are mistaken.

[1] Our case law and statutes address the issues in this case without ambiguity. In *Ferguson v. Croom*, 73 N.C. App. 316, 318, 326 S.E.2d 373, 375 (1985), a case analytically identical to the instant one, this Court held that a disinherited party may still take in the event of a

partial intestacy. The *Ferguson* Court arrived at this disposition by applying N.C. Gen. Stat. § 29-8 (1984), which states: "If part but not all of the estate of a decedent is validly disposed of by his will, the part not disposed of by such will *shall* descend and *be distributed as intestate property." Ferguson*, 73 N.C. App. at 318, 326 S.E.2d at 375 (quoting § 29-8) (emphasis in original).

In this case, Walter Griggs did not provide a testamentary disposition, either specifically or through a residuary clause, for the four parcels of land in dispute between the instant parties. Therefore, this property did not pass under Walter Griggs' will. Instead, the four parcels constitute a partial intestacy, as defined by N.C. Gen. Stat. § 29-8. As such,

> G.S. 29-8 creates a *mandatory* plan for disposing of a decedent's property which does not pass by will. It directs that the property pass by intestate succession *without regard to the intent* expressed by a testator in a will. The statute, which was adopted in 1959, was a codification of our common law. *See Dunlap v. Ingram*, 57 N.C. 178 (4 Jones Eq.) (1858) (where our Supreme Court held that property not disposed of by will passes as directed by the law regardless of attempts by the testator to disinherit the lawful takers).

*Ferguson*, 73 N.C. App. at 318, 326 S.E.2d at 375 (emphasis ours).

Based on *Ferguson*, then, the question here becomes one of determining the proper heir to the four parcels under our Intestate Succession Act. *Id.* Under N.C. Gen. Stat. § 29-14 (1984) of the Intestate Succession Act, a surviving spouse receives "all the real property" if "the intestate is not survived by a child, children or any lineal descendent of a deceased child or children, or by a parent." Neither party disputes that Walter Griggs had no lineal heirs or parents living at the time of his death; no one questions Edna Griggs' status as the surviving spouse. Therefore, Edna Griggs was the proper recipient of the remainder interests in the four parcels of land contested here.

Once the remainder interests in the four parcels passed to Edna Griggs via intestacy, the doctrine of merger, as espoused in *Elmore v. Austin*, 232 N.C. 13, 23, 59 S.E.2d 205, 213 (1950) became operative.

> Merger is the absorption of a lesser estate by a greater estate, and takes place when two distinct estates of greater and lesser rank meet in the same person or class of persons at the same time without any intermediate estate.

*Id.* In this case, Edna Griggs' remainder interest in the four parcels merged with her life interest in same, creating a fee simple estate in the four parcels. *Id.*

[2] Defendants argue in their brief that: "Walter Eugene Griggs gave his wife, Edna Tarlton Griggs, all his personal property and a life estate in his land so since she did not dissent from his will she lost her right to intestate succession." Defendants cite no authority for this proposition. However, we interpret defendants' argument as meaning that Edna Griggs should have been forced to dissent, if she sought to exercise her rights to the four parcels under the Intestate Succession Act, while simultaneously taking under Walter Griggs' will.

We do not agree the statute governing the right to dissent, N.C. Gen. Stat. § 30-1 (1992), requires such an election. *See generally Phillips v. Phillips*, 296 N.C. 590, 252 S.E.2d 761 (1979). The right to dissent is not an obligation to dissent. "It is a common principle of law in North Carolina that a surviving spouse must elect between taking under a Will and dissenting from the Will. The spouse cannot do both; the election of one precludes the other." *Hill v. Smith*, 51 N.C. App. 670, 674, 277 S.E.2d 542, 545, *disc. review denied*, 303 N.C. 543, 281 S.E.2d 392 (1981). Here, the surviving spouse did not seek to do both. Edna Griggs simply took a life estate in the real property of her late husband under his will, and received a remainder interest in four parcels of Walter Griggs' land per the Intestate Succession Act. This result is consistent with *Ferguson*, where the Court directed "that the property pass by intestate succession without regard to the intent expressed by testator in a will." *Ferguson*, 73 N.C. App. at 318, 326 S.E.2d at 375. Defendants' argument that a dissent election is mandated is without merit.

Finally, defendants argue in their brief that plaintiffs should be estopped from claiming a fee simple interest in the four parcels, due to conduct of Edna Griggs after Walter Griggs' death. This Court has defined the "essential elements of estoppel" as:

"(1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts."

*Hensell v. Winslow*, 106 N.C. App. 285, 290, 416 S.E.2d 426, 430, (quoting *Parker v. Thompson-Arthur Paving Co.*, 100 N.C. App. 367, 370,

396 S.E.2d 626, 628-29 (1990)), *disc. review denied*, 332 N.C. 344, 421 S.E.2d 148 (1992). Estoppel principles do vary though, based on the facts of each case. *Miller v. Talton*, 112 N.C. App. 484, 488, 435 S.E.2d 793, 797 (1993). "In determining whether the doctrine [of estoppel] applies, the conduct of both parties must be weighed in the balances of equity." *Id.* Finally, when only one inference can reasonably be drawn from the undisputed facts, estoppel becomes a question of law, properly decided by this Court. *Hawkins v. M & J Finance Corp.*, 238 N.C. 174, 185, 77 S.E.2d 669, 677-78 (1953).

[3] Defendants assert the trial court erred in granting summary judgment to plaintiffs on the estoppel issue. To sustain summary judgment, plaintiffs, as the moving party, must show that no material facts are in dispute and that they are entitled to judgment as a matter of law. *Moore v. City of Creedmoor*, 120 N.C. App. 27, 36, 460 S.E.2d 899, 904 (1995). In addition, the record is to be viewed in the light most favorable to the non-movant, giving it the benefit of all inferences which reasonably arise therefrom. *Id.* Evidence properly considered on a motion for summary judgment "includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file . . . affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken." *Kessing*, 278 N.C. at 533, 180 S.E.2d at 829.

Upon close scrutiny of the record, it is apparent plaintiffs are entitled to judgment on the estoppel issue as a matter of law. Defendants have presented no evidence, which, if taken as true, would fulfill the elements of estoppel. For instance, defendants have not presented any evidence indicating that Edna Griggs acted with " 'knowledge, actual or constructive, of the real facts' " with regard to the four parcels. *Hensell*, 106 N.C. App. at 290, 416 S.E.2d at 430. Defendants assert that Edna Griggs "represented to her husband testator's brothers and sisters that she had a life estate in the land and that they, as remaindermen, owed inheritance taxes and under that representation induced the brothers and sisters to pay inheritance taxes [on the four parcels]." Plaintiffs dispute this assertion.

However, even if we assume defendants' allegations concerning the inheritance tax are true, these facts are insufficient to work an estoppel against plaintiffs. The party requesting estoppel must have had " '(1) a lack of knowledge and the *means of knowledge* as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice.' " *Hensell*, 106 N.C. App. at

SALAAM v. N.C. DEPT. OF TRANSPORTATION

[122 N.C. App. 83 (1996)]

290-91, 416 S.E.2d at 430 (emphasis added). Defendants had every opportunity to determine their inheritance tax liability prior to paying same. They did not. "[A]n estoppel ordinarily will be denied where the party claiming it was put on inquiry as to the truth and had available the means for ascertaining it." *Hawkins*, 238 N.C. at 179, 77 S.E.2d at 673.

Moreover, even if defendants paid a tax on the four parcels for which they were not liable, the prejudice suffered them has no nexus to Edna Griggs' ownership rights. If the inheritance tax was errantly paid by defendants, the proper remedy would be for unjust enrichment, not equitable estoppel. *See Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 555-56, (" 'A person who has been unjustly enriched at the expense of another is required to make restitution to the other.' " (citation omitted)), *reh'g denied*, 323 N.C. 370, 373 S.E.2d 540 (1988). Based on the foregoing, we find that defendants have failed to present facts which, viewed in their most favorable light, establish material elements of their estoppel claim. Therefore, the trial court did not err in granting summary judgment to plaintiffs on the estoppel issue.

In conclusion, we reverse the trial court on the intestacy issue and affirm the trial court's disposition of defendants' estoppel claim.

Affirmed in part and reversed in part.

Judges JOHNSON and WALKER concur.