EDWARD L. FRIEDLAND, Executor of the Estate of Kim A. Thomas,
Plaintiff-Appellant v. MARION ANTHONY GALES, Defendant-Appellee

No. COA98-367

(Filed 29 December 1998)

## 1. Wrongful Death— concealment of identity as killer—estoppel to assert statute of limitations

Defendant's intentional concealment of his identity as the person who killed decedent equitably estopped him from asserting the statute of limitations as a defense to an action for wrongful death of the decedent.

## 2. Estoppel— wrongful death—statute of limitations—sufficiency of allegations

Plaintiff's allegations were sufficient to plead the application of equitable estoppel to defendant's assertion of the statute of limitations in a wrongful death action where plaintiff alleged that defendant intentionally concealed his involvement in the decedent's murder, preventing plaintiff's knowledge thereof until after the statute of limitations had run, and that plaintiff brought the wrongful death suit within two years after the facts became known.

Appeal by plaintiff from order entered 6 November 1997 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 18 November 1998.

*Rudolf & Maher, P.A., by David S. Rudolf and Thomas K. Maher, for plaintiff-appellant.*

*Sharon Dunigan Jumper and Jerry D. Jordan for defendant-appellee.*

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by Adam Stein, for the North Carolina Academy of Trial Lawyers, amicus curiae.*

*Smith, Helms, Mullis & Moore, L.L.P., by J. Donald Cowan, Jr., for the North Carolina Association of Defense Attorneys, amicus curiae.*

MARTIN John C., Judge.

Plaintiff filed this wrongful death action on 29 March 1996 alleging that defendant had killed Kim A. Thomas on or about 27 July 1990. According to the allegations of the complaint, defendant denied killing Kim Thomas when questioned by the police, claiming that he suspected someone named "BJ" of committing the murder. However, defendant later confided in two fellow prison inmates, while incarcerated for unrelated crimes, that he killed Kim Thomas. Plaintiff alleged:

> 47. Marion Anthony Gales deliberately and fraudulently concealed his involvement in the murder of Kim Thomas by denying any involvement when confronted by the police in 1990. Gales involvement in the murder was therefore not known to Plaintiff until March 1995, when the facts above were first discovered.

Defendant filed a *pro se* answer in which he denied any knowledge about Kim Thomas' death. His subsequent motion to amend his answer to plead the statute of limitations as an affirmative bar to plaintiff's claim was not objected to by plaintiff.

Defendant was represented by counsel at trial. His motions for directed verdict at the close of plaintiff's evidence and at the close of all the evidence, based in part on the statute of limitations defense, were denied. At the jury instruction conference, defendant's counsel again argued that plaintiff's claim should be barred by the statute of limitations as a matter of law, in accordance with the previous motions for directed verdict, but requested, for "strategic" reasons, that the statute of limitations issue, and related instructions, not be submitted to the jury. In doing so, defendant agreed to waive "the right to a determination of any factual issues by the jury pertaining to the statute of limitations defense." Without objection from plaintiff, the trial court granted defendant's request that the statute of limitations issue not be submitted to the jury, without prejudice to defendant's right to argue, in further proceedings, that a tortfeasor's concealment of his or her identity has no legal effect upon such tortfeasor's right to assert the defense of the statute of limitations.

The jury found that Kim Thomas died as a result of defendant's acts and awarded plaintiff substantial compensatory and punitive damages. Defendant moved for judgment notwithstanding the verdict. In opposition to the motion, plaintiff contended that because defendant had concealed his identity as the perpetrator of the killing,

FRIEDLAND v. GALES

[131 N.C. App. 802 (1998)]

he was equitably estopped from asserting the statute of limitations as a defense to the wrongful death action. In its order allowing the motion, the trial court found:

1. Kim Thomas died on July 27th, 1990 as a result of a battery by the Defendant, Marion Anthony Gales;

2. Thereafter the Defendant, Marion Anthony Gales, concealed certain material facts relating to his involvement in the death of Kim Thomas including:

(a) He lied to police officers and others about his involvement in the death of Kim Thomas. . . .

3. The concealment as described above by Marion Anthony Gales was reasonably calculated to deceive police officers and others including the Plaintiff or such other persons as might qualify as personal representative of the estate of Kim Thomas.

4. That such concealment by Marion Anthony Gales was done with the intent to deceive police officers and others including the Plaintiff.

5. That the Plaintiff was, in fact, deceived by said concealment in that:

(a) The Plaintiff discovered the victim's death on July 27th, 1990;

(b) As a result of the various concealments by the Defendant as described above the Plaintiff did not learn of the Defendant's involvement in the death of Kim Thomas until on or about March 20th, 1995.

(c) Because of the Defendant's concealments as described above the Plaintiff could not reasonably have learned of the Defendant's involvement in the death of Kim Thomas until on or about March 20th, 1995.

6. That the Plaintiff failed to institute this lawsuit within two years from the time of the death of Kim Thomas as a result of his reasonable reliance upon the Defendant's concealments as described above.

7. That the lawsuit was filed on March 29, 1996.

8. Although the Plaintiff now argues the above facts as factual basis for invoking the doctrine of equitable estoppel as a bar to the defense of the statute of limitations, such theory was not argued by the Plaintiff until the time of a re-hearing upon post trial motions.

Upon those findings, the court concluded:

1. North Carolina law, and in particular North Carolina General Statutes Section 1-53(4), provides for a two-year statute of limitations for the filing of a wrongful death action under G.S. 28A-18-2. Under North Carolina law the statute of limitations for the filing of a wrongful death action accrues from the date of death of the victim.

2. If death of the victim is discovered, the statute of limitations is not tolled on account of fraudulent concealment of the identity of the perpetrator.

3. Defendant's request for withdrawal of any jury issue concerning the statute of limitations defense constituted a waiver of the right to have factual issues pertaining thereto determined by a jury but did not amount to a waiver of the statute of limitations defense.

4. Based upon the facts and law as recited above the Defendant's motion for directed verdict properly could have been granted in this case.

The court granted defendant's motion for judgment notwithstanding the verdict and dismissed plaintiff's action. Plaintiff appeals.

---

[1] G.S. § 1-53(4) requires that an action for the death of a person caused by the wrongful act of another be brought within two years of the date of the decedent's death. There is no dispute that plaintiff commenced this action more than two years after the death of Kim Thomas. The narrow issue presented by this appeal is whether defendant's intentional concealment of his identity as the person who caused Kim Thomas' death equitably estops him from asserting the statute of limitations as a defense to this action for her wrongful death. For the following reasons, we hold that one who actively, affirmatively and deliberately conceals his identity as a tortfeasor is equitably estopped from asserting the statute of limitations as a defense to an action for damages resulting from his tortious act. Thus, we

reverse the trial court's order granting defendant's motion for judgment notwithstanding the verdict.

North Carolina courts have recognized and applied the principle that a defendant may properly rely upon a statute of limitations as a defensive shield against "stale" claims, but may be equitably estopped from using a statute of limitations as a sword, so as to unjustly benefit from his own conduct which induced a plaintiff to delay filing suit. *See Duke University v. Stainback*, 320 N.C. 337, 341, 357 S.E.2d 690, 692 (1987) ("Equitable estoppel may be invoked, in a proper case, to bar a defendant from relying upon the statute of limitations."); *Nowell v. Tea Co.*, 250 N.C. 575, 579, 108 S.E.2d 889, 891 (1959) ("The lapse of time, when properly pleaded, is a technical legal defense. Nevertheless, equity will deny the right to assert that defense when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith."); *Hayes v. Town of Fairmont*, 130 N.C. App. 125, 502 S.E.2d 380, 382-83 (1998) ("[O]ur courts have permitted, in a broad range of cases, the use of estoppel to bar the dismissal of a case for failure of the petitioner to timely file its action, even in those situations where the time limitation was classified as a condition precedent."); *Teague v. Randolph Surgical Assoc.*, 129 N.C. App. 766, 501 S.E.2d 382 (1998); *Jordan v. Crew*, 125 N.C. App. 712, 482 S.E.2d 735 (1997) (equitable estoppel did not bar application of the statute of limitations where plaintiff made no allegations of reliance on defendant's misrepresentation); *Bryant v. Adams*, 116 N.C. App. 448, 459-60, 448 S.E.2d 832, 838 (1994), *disc. review denied*, 339 N.C. 736, 454 S.E.2d 647 (1995) ("A party may be estopped to plead and rely on a statute of limitations defense when delay has been induced by acts, representations, or conduct which would amount to a breach of good faith."); *Miller v. Talton*, 112 N.C. App. 484, 435 S.E.2d 793 (1993); *Parker v. Thompson-Arthur Paving Co.*, 100 N.C. App. 367, 396 S.E.2d 626 (1990); *One North McDowell Ass'n v. McDowell Development Co.*, 98 N.C. App. 125, 389 S.E.2d 834, *disc. review denied*, 372 N.C. 432, 395 S.E.2d 686 (1990); *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 69 N.C. App. 505, 317 S.E.2d 41 (1984), *affirmed*, 313 N.C. 488, 329 S.E.2d 350 (1985); *see generally*, David A. Logan & Wayne A. Logan, *North Carolina Torts* § 9.60 (1996).

> The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed. . . . Its compulsion is one of fair play.

*McNeely v. Walters*, 211 N.C. 112, 113, 189 S.E. 114, 115 (1937) (citations omitted).

The North Carolina Supreme Court elaborated upon the elements of equitable estoppel in *In re Covington's Will*, 252 N.C. 546, 114 S.E.2d 257 (1960); and this Court restated the elements as follows:

> The essential elements of estoppel are (1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts. The party asserting the defense must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice.

*Parker v. Thompson-Arthur Paving Co.* at 370, 396 S.E.2d at 628-29. "[N]either bad faith, fraud nor intent to deceive is necessary before the doctrine of equitable estoppel can be applied." *Id.* at 371, 396 S.E.2d at 629 (quoting *Hamilton v. Hamilton*, 296 N.C. 574, 576, 251 S.E.2d 441, 443 (1979)).

[2] The party seeking to invoke the doctrine of equitable estoppel must plead facts sufficient to raise an issue as to its application. Here, plaintiff alleged that defendant intentionally concealed his involvement in the death of Kim Thomas, preventing plaintiff's knowledge thereof until after the statute of limitations had run, and plaintiff brought suit within two years after the facts became known. Though plaintiff incorrectly labeled his theory as one of "fraudulent concealment", we hold the allegations were sufficient to plead application of equitable estoppel.

"Fraudulent concealment" is generally asserted as a claim for damages, *see e.g., Watts v. Cumberland County Hosp. System, Inc.*, 317 N.C. 110, 343 S.E.2d 879 (1986). It is a form of fraudulent misrepresentation entitling the claimant to damages or rescission of the contract. 1 William S. Haynes, *North Carolina Tort Law* § 10-4 (1989). To assert a claim for fraudulent concealment, there must be a showing that the opposing party knew a material fact, and failed to fully disclose that fact in violation of a pre-existing duty to disclose. *See generally, Watts v. Cumberland County Hosp. System, Inc., supra*; 1 William S. Haynes, *North Carolina Tort Law* § 10-4 (1989). Fraudulent concealment may also operate to toll the statute of limitations where all the elements may be shown. *Connor v. Schenck*, 240

N.C. 794, 84 S.E.2d 175 (1954); *Stallings v. Gunter*, 99 N.C. App. 710, 394 S.E.2d 212 (1990). Defendant points out, however, that he was under no pre-existing legal duty to disclose to plaintiff his identity as the person who caused Kim Thomas' death.

To invoke the doctrine of equitable estoppel to bar a defense, it is not necessary to show a pre-existing duty to disclose a material fact. *Hamilton v. Hamilton*, 296 N.C. 574, 251 S.E.2d 441 (1979) (equitable estoppel may bar a defense even when there is no pre-existing legal duties between the parties); *Hensell v. Winslow*, 106 N.C. App. 285, 416 S.E.2d 426, *disc. review denied*, 332 N.C. 344, 421 S.E.2d 148 (1992). Thus even in the absence of a pre-existing legal duty, a defendant may still be barred from asserting a statute of limitations defense by the doctrine of equitable estoppel. Under the doctrine of equitable estoppel, "the fraud consists in the inconsistent position subsequently taken, rather than in the original conduct. It is the subsequent inconsistent position, and not the original conduct that operates to the injury of the other party." *Hamilton* at 576-77, 251 S.E.2d at 443 (quoting H. McClintock, Equity § 31 (2d ed. 1948)); *Parker v. Thompson-Arthur Paving Co., supra.* In the present case it is the doctrine of equitable estoppel, not a claim of fraudulent concealment, that prevents defendant from asserting a statute of limitations defense.

In *Bryant v. Adams*, 116 N.C. App. 448, 448 S.E.2d 832 (1994), *disc. review denied*, 339 N.C. 736, 454 S.E.2d 647 (1995), the plaintiffs sought to recover damages for injuries sustained due to alleged negligence and breach of express and implied warranties by defendants. In their complaint, the plaintiffs alleged that the defendant "thwarted discovery efforts regarding specific facts" and that the defendant "was the only individual who possessed the information plaintiffs sought." *Id.* at 460, 448 S.E.2d at 838. We observed that the plaintiffs arguably had not filed suit earlier due to the defendant's refusal to disclose facts, and that the plaintiffs "were obviously prejudiced, as evidenced by the claims being subject to dismissal based on the statute of limitation and statute of repose if defendants are not equitably estopped from relying on these defenses." *Id.* We concluded that "since plaintiffs' pleadings sufficiently state a claim for equitable estoppel, we remand to the trial court for a factual determination of whether Adams should be estopped from relying on the statute of limitation and statute of repose." *Id.*

Citing the decision of this Court in *King v. Cape Fear Memorial Hospital, Inc.*, 96 N.C. App. 338, 385 S.E.2d 812 (1989), defendant

FRIEDLAND v. GALES

[131 N.C. App. 802 (1998)]

argues the statute of limitations for wrongful death must be strictly applied, without exception. In *King*, the issue was whether the "discovery exception" for latent or non-apparent injuries contained in G.S. § 1-15(c) applied to a wrongful death action based upon medical malpractice. The Court held that it did not and that the plaintiff was required to bring her action within the limitations period of G.S. § 1-53(4). *King* did not involve application of the doctrine of equitable estoppel to prevent a defendant from relying upon a statute of limitations defense, thus it is inapposite to our decision in this case.

Generally, where there are facts in dispute as to the existence of the elements of equitable estoppel, the issue of estoppel is for the jury. *Miller v. Talton, supra*. However, defendant presented no evidence upon the issue, requested that it not be submitted to the jury, and waived "the right to a determination of any factual issues by the jury pertaining to the statute of limitations." According to the trial court's findings, to which no exception has been taken, defendant actively concealed his wrongful conduct and prevented plaintiff from learning his identity before the statute of limitations had run. As was the case in *Bryant*, the actual injury was known and the claim had accrued, but due to defendant's intentional concealment, an essential fact necessary to bring the action, i.e., the identity of the tortfeasor, was unknown. Plaintiff, lacking the reasonable means to discover the identity of the wrongdoer, reasonably relied on the concealment to his detriment by not filing a wrongful death action until such information became available to him. These findings of fact establish, as a matter of law, that defendant, having actual knowledge of material facts, actively and deliberately concealed those facts with the intent to prevent discovery thereof by others, including the plaintiff; and that in consequence of defendant's conduct, plaintiff was without knowledge of those facts and without means to discover them within the period of the statute of limitations, thereby relying to his detriment on defendant's conduct. Therefore, defendant is equitably estopped from asserting the statute of limitations as a bar to plaintiff's claim. The order granting defendant's motion for judgment notwithstanding the verdict is reversed and this case is remanded to the trial court for entry of judgment in accordance with the verdict of the jury.

Reversed and remanded.

Judges MARTIN, Mark D., and HUNTER concur.