NELSON B. CRISP, INDIVIDUALLY, AND DERIVATIVELY ON BEHALF OF EASTERN MORTGAGE INVESTMENT COMPANY, PLAINTIFF v. EASTERN MORTGAGE INVESTMENT COMPANY, MARVIN K. BLOUNT, JR., WILLIAM G. BLOUNT, DEFENDANTS

No. COA05-1441

(Filed 15 August 2006)

**Estoppel— equitable—validity of outstanding debt—statute of limitations defense cannot be used as sword**

Plaintiff was equitably estopped from denying the validity of debts for promissory notes issued by defendant company even though the ten-year statute of limitations under N.C.G.S. § 1-47(2) for enforcement on the pertinent notes expired, because: (1) a party may properly rely upon a statute of limitations as a defense shield against stale claims, but may be equitably estopped from using a statute of limitations as a sword so as to unjustly benefit from his own conduct which induced the other party to delay filing suit; (2) under the particular facts in this case, plaintiff consistently recognized and acknowledged the existence and validity of the debts; (3) it is irrelevant whether plaintiff acted intentionally or fraudulently misled defendants, and it is enough that plaintiff's conduct and statements were at least reasonably calculated to convey the impression to defendant co-executor that the debt was valid which is wholly inconsistent with her present assertion that the debts are stale and unenforceable; and (4) defendants lacked any knowledge of the true facts at issue, and defendant co-executor relied on plaintiff's assertion that the notes were valid to his detriment when he accepted the award of the corporate debt as partial satisfaction of his executor's commission.

Appeal by plaintiff from judgment entered 10 August 2005 by Judge William C. Griffin, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 7 June 2006.

*Narron, O'Hale and Whittington, P.A., by James W. Narron, for plaintiff-appellant.*

*The Blount Law Firm, P.A., by Rebecca C. Blount and Darren M. Dawson, for defendants-appellees.*

STEELMAN, Judge.

Plaintiff appeals the trial court's order granting defendants' motion for summary judgment based upon the theory plaintiff was

equitably estopped from denying the validity of the outstanding debt to Eastern Mortgage Investment Company (EMIC). For the reasons discussed herein, we affirm.

The facts in this case are not in dispute. EMIC was founded in 1970 and has remained a family-owned company since its inception, with only members of the Blount family holding shares of the stock. From its creation until the present, plaintiff, Nelson Crisp, and the individual defendants, Marvin and William Blount, have been shareholders and directors of the corporation. Plaintiff served as president of EMIC from 1985 until 2000 and both individual defendants served as officers of the corporation. Florence Taft Blount (Mrs. Blount) was the mother of both plaintiff and the two defendants. She was a shareholder of EMIC, as well as an officer of the corporation until her death in September of 1998.

In August of 1975, Mrs. Blount loaned EMIC $43,900.00 (Note 1) and $30,200.00 (Note 2). In March 1981, Mrs. Blount loaned the company an additional $61,900.00 (Note 3), for a total of $136,000.00. The corporation issued promissory notes to Mrs. Blount for each of the three loans. Each of the notes was payable upon demand, was executed under seal, and was secured by deeds of trust on real property owned by the corporation. Plaintiff attested to each of the notes by signing them in her capacity as assistant secretary of the corporation. The last documented payments by the corporation on these notes were 1979, 1986 and 1985, respectively.

None of the shareholders, directors, or officers of the corporation ever questioned the validity of the three notes. As of July 1985, the total balance due on the three notes after the partial payments was $106,000.00. The debts were carried on the corporate books, financial statements, and tax returns from the date of each of the notes until the 2003 corporate tax return. Plaintiff signed many of the corporate tax returns as a corporate officer that listed the $106,000.00 debt, including the tax return filed in 1998.

EMIC continued to recognize the $106,000.00 debt as an account payable after Mrs. Blount's death. Plaintiff and defendant Marvin Blount (Marvin), were named as co-executors of their mother's estate. Plaintiff and Marvin showed the three debts as assets of the estate on the 90-day inventory and three annual accounts. Plaintiff and Marvin also approved and signed the Federal and North Carolina Estate Tax Returns showing the notes as assets of the estate.

CRISP v. EASTERN MTGE. INV. CO.

[179 N.C. App. 213 (2006)]

In addition, they paid the Federal and North Carolina Estate taxes on the outstanding balance of the debts.

A dispute arose concerning the handling of Mrs. Blount's estate and on 28 April 2000, the co-executors and heirs of the estate entered into a settlement agreement, under the terms of which plaintiff resigned her post as co-executor of her mother's estate and was paid an executor's commission of $75,000.00. One of the provisions of the settlement agreement was that "Nelson and the Crisp Children agree not to contest the amount of Executor's commissions awarded to Marvin, Jr. by the Clerk of Superior Count." Marvin continued to serve as the sole executor. In April 2002, Marvin completed the administration of the estate. In the final account, approved by the Pitt County Clerk of Court, the EMIC debts were assigned by the estate to Marvin in partial satisfaction of his executor's commission. Even after the assignment of the notes, the estate lacked sufficient funds to fully pay Marvin's commission.

On 16 December 2002, following the filing of the final account of Mrs. Blount's estate, the shareholders of the corporation met and duly approved a plan of complete liquidation and dissolution of EMIC. Plaintiff was provided copies of the notes at this meeting. Pursuant to the dissolution plan, the corporate officers began identifying all outstanding debts of the corporation so the debts could be discharged in the course of corporate liquidation. The corporation included the balance due on the three notes as part of its liabilities.

On 10 September 2003, plaintiff wrote a letter to both individual defendants in her capacity as shareholder and director of EMIC, notifying them of her contention that the notes were no longer valid debts of the corporation because they had been extinguished by the statute of limitations. Upon learning of the officers' intent to pay these debts, plaintiff filed this lawsuit seeking a declaratory judgment that the statute of limitations had run, rendering the three notes invalid. Plaintiff brought this action both individually and derivatively on behalf of EMIC. Defendants filed an answer, raising the affirmative defenses of estoppel, ratification, waiver, laches, fraud, and unclean hands.

Plaintiff and defendants filed motions for summary judgment. The trial court denied plaintiff's motion and granted defendants' motion for summary judgment. The trial court ruled that plaintiff was equitably estopped from denying the validity of the debts. Plaintiff appeals.

Plaintiff asserts the trial court erred in granting summary judgment to defendants based upon estoppel. We disagree.

As the party moving for summary judgment, defendants bore the burden of demonstrating that no material facts were in dispute and they were entitled to judgment as a matter of law. *Tarlton v. Stidham*, 122 N.C. App. 77, 82, 469 S.E.2d 38, 42 (1996). In considering such a motion, the reviewing court must view the evidence in the light most favorable to the nonmovant, giving them the benefit of all reasonable inferences which may be drawn therefrom. *Id.* The evidence the judge may consider when ruling on a motion for summary judgment includes: the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits. *Id*; N.C. Gen. Stat. § 1A-1, Rule 56(c) (2006).

N.C. Gen. Stat. § 1-47(2) (2006) provides that an action on a sealed instrument against the principal thereto must be commenced within ten years. Neither party contests that the statute of limitations for enforcement on the notes expired since the last payment made on Note 1 was 1979, 1986 for Note 2, and 1985 for Note 3. However, defendants assert the doctrine of equitable estoppel prevents plaintiff from asserting the statute of limitations as a bar.

Our courts have long held that a party "may properly rely upon a statute of limitations as a defensive shield against 'stale' claims, but may be equitably estopped from using a statute of limitations as a sword, so as to unjustly benefit from his own conduct which induced [the other party] to delay filing suit." *Friedland v. Gales*, 131 N.C. App. 802, 806, 509 S.E.2d 793, 796 (1998). The doctrine of equitable estoppel is founded on the golden rule; " '[i]t requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed[.]' " *Id.* (quoting *McNeely v. Walters*, 211 N.C. 112, 113, 189 S.E. 114, 115 (1937)). The essential elements of equitable estoppel on the part of the party sought to be estopped are:

(1) conduct which amounts to a false representation or concealment of material facts, or, at least which is reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert; (2) intention or expectation that such conduct shall be acted upon by the other party, or conduct which at least is calculated to induce a reasonably prudent person to believe such con-

duct was intended or expected to be relied and acted upon; (3) knowledge, actual or constructive, of the real facts.

*Meacham v. Board of Education*, 59 N.C. App. 381, 386 n.2, 297 S.E.2d 192, 195 n.2 (1982) (internal quotation marks and citations omitted). The essential elements of equitable estoppel as related to the party claiming the estoppel are:

> (1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action thereon of such a character as to change his position prejudicially.

*Id.* (internal quotation marks and citations omitted).

Defendants, as the parties asserting the defense of equitable estoppel, have the burden of proof. *Friedland*, 131 N.C. App. at 807, 509 S.E.2d at 797. We hold that under the exceedingly peculiar facts of this case, plaintiff is estopped from asserting the ten-year statute of limitations to deny the validity of the three notes of EMIC. Such a ruling produces a just result in this case.

Plaintiff consistently recognized and acknowledged the existence and validity of the debts. The corporation carried the debts on both its corporate books and tax returns from the date the debts were incurred until the 2003 tax year, the most recent tax return filed prior to this lawsuit. Furthermore, EMIC's 1998 U.S. Corporation Income Tax Return listed the $106,000 debt as a loan from stockholders, which plaintiff signed as president of the corporation "under penalties of perjury." In addition, plaintiff, in her capacity as executor of her mother's estate, also represented the notes as valid and collectable assets of the estate on the 90-day inventory and three annual accounts, which she also signed under "penalty of perjury." By plaintiff's own admission, she believed the notes were a valid debt of the corporation until September 2003 when she asserts she saw the notes for the first time. However, this statement is belied by the notes themselves, which bear her signature and were executed in her capacity as assistant secretary of the corporation.

Plaintiff contends the doctrine of equitable estoppel does not apply because she did not act with knowledge or reckless indifference to the truth. It is irrelevant whether plaintiff acted intentionally or fraudulently misled defendants. *Hamilton v. Hamilton*, 296 N.C. 574, 576-77, 251 S.E.2d 441, 443 (1979).

CRISP v. EASTERN MTGE. INV. CO.

[179 N.C. App. 213 (2006)]

> [A] party may be estopped to deny representations made when [s]he had no knowledge of their falsity, or which [s]he made without any intent to deceive the party now setting up the estoppel. . . . [T]he fraud consists in the inconsistent position subsequently taken, rather than in the original conduct. It is the subsequent inconsistent position, and not the original conduct that operates to the injury of the other party.

*Id.* (citations and internal quotation marks omitted). It is enough that plaintiff's conduct and statements were at least reasonably calculated to convey the impression to Marvin that the debt was valid, which is wholly inconsistent with her present assertion that the debts are stale and unenforceable.

Further, defendants lacked any knowledge of the true facts at issue. EMIC was a closely held family corporation. It secured the loan from one of its own shareholders with real property and carried the debt on its corporate financial statements and on its federal tax returns from the date incurred until the filing of this action. Defendant Marvin had no reason to believe the corporation would not honor its obligations. In addition, both Marvin and plaintiff, as co-executors, represented the debt as an asset of their mother's estate, and paid taxes on that amount. Marvin relied on plaintiff's assertion that the notes were valid to his detriment when he accepted the award of the corporate debt as partial satisfaction of his executor's commission. Had he known plaintiff would change her position and assert the notes were stale, he certainly would not have accepted them as payment.

We hold the trial court did not err in granting defendants' motion for summary judgment and denying plaintiff's motion for the same as defendants established plaintiff was equitably estopped from asserting the statute of limitations as a defense.

AFFIRMED.

Judges BRYANT and ELMORE concur.