GEORGE HARRINGTON AND WIFE, JOANN HARRINGTON, Plaintiffs-Appellants,
v.
BUDDY GERALD, Defendant-Appellee.
No. COA07-1070
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Bruce Robinson for Plaintiffs-Appellants.
Marshall, Williams & Gorham, LLP, by F. Murphy Averitt III, for Defendant-Appellee.
McGEE, Judge.
George Harrington and JoAnn Harrington (Plaintiffs) appeal from judgment on the pleadings entered in favor of Buddy Gerald (Defendant). For the reasons set forth below, we affirm.
Plaintiffs filed a complaint on 15 March 2007 and alleged the following: Plaintiffs executed promissory notes and security agreements under seal on or about 23 April 1997 in favor of Federal Point Yacht Club Limited Partnership, which entitled Plaintiffs to the use of boat slips D-48 and D-49 at Federal Point Yacht Club in New Hanover County. The promissory notes and security agreements stated that in the event of default, slips D-48 and D-49 could be sold by the holder of the promissory notes at public or private sale.
Plaintiffs further alleged that Defendant, purporting to act for Federal Point Yacht Club Limited Partnership, sent Plaintiffs a letter on 5 December 2002 notifying them that Federal Point Yacht Club Limited Partnership intended to sell slips D-48 and D-49 because Plaintiffs had defaulted on the promissory notes. Plaintiffs also alleged that Federal Point Yacht Club sent a closing statement to Plaintiffs on or about 10 January 2003 showing that slips D-48 and D-49 had been sold. Plaintiffs further alleged:
The boat slips, if in fact they were sold legally, which is denied, were not sold in a commercially reasonable manner, no sale having taken place except a private, secret transfer between [D]efendant and Federal Point Yacht Club Limited Partnership, without notice to the public, without notice to . . . [P]laintiffs, and with no effort made to generate potential bidders at any type of sale, nor to solicit independent private bids from any person, no one knowing that a sale was to take place.
Plaintiffs also alleged that they were
entitled to the return of boat slips D-48 and D-49 or, alternatively, for a sum of money that will make them whole, and an order of the court declaring that the seizure and sale of boat slips D-48 and D-49 was null and void, or, alternatively, was not done in a commercially reasonable manner, entitling . . . [P]laintiffs to damages.
Defendant moved for judgment on the pleadings, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c), alleging that the applicable statute of limitations had run and that Plaintiffs' claims were time barred. The trial court granted Defendant's motion for judgment on the pleadings on 13 June 2007. Plaintiffs appeal.

I.
Plaintiffs first argue the trial court erred by granting Defendant's motion for judgment on the pleadings, contending that the ten-year statute of limitations set forth in N.C. Gen. Stat. § 1-47(2) applied rather than the three-year statute of limitations contained in N.C. Gen. Stat. § 1-52. In the alternative, Plaintiffs argue that the doctrine of equitable estoppel applies. A motion for judgment on the pleadings under Rule 12(c) should be granted only when "the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law." Minor v. Minor, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867, disc. review denied, 312 N.C. 495, 322 S.E.2d 558 (1984). "The trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false." Ragsdale v. Kennedy, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). "`A judgment on the pleadings in favor of a defendant who asserts the statute of limitations as a bar is proper when, and only when, all the facts necessary to establish the limitation are alleged or admitted.'" Groves v. Community Hous. Corp., 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001) (quoting Flexolite Electrical v. Gilliam, 55 N.C. App. 86, 87-88, 284 S.E.2d 523, 524 (1981)). Our review is de novo on motions made pursuant to Rule12(c). Toomer v. Branch Banking & Tr. Co., 171 N.C. App. 58, 66, 614 S.E.2d 328, 335, disc. review denied, 360 N.C. 78, 623 S.E.2d 263 (2005).
Plaintiffs argue that because the promissory notes and security agreements were under seal, the ten-year statute of limitations under N.C. Gen. Stat. § 1-47(2) applied. N.C. Gen. Stat. § 1-47(2) (2007) states that a ten-year statute of limitations applies to actions
[u]pon a sealed instrument or an instrument of conveyance of an interest in real property, against the principal thereto. Provided, however, that if action on an instrument is filed, the defendant or defendants in such action may file a counterclaim arising out of the same transaction or transactions as are the subject of [the] plaintiff's claim, although a shorter statute of limitations would otherwise apply to [the] defendant's counterclaim.
A three-year statute of limitations applies to actions "[u]pon a contract, obligation or liability arising out of a contract" and to actions "[f]or taking, detaining, converting or injuring any goods or chattels, including action for their specific recovery." N.C. Gen. Stat. § 1-52(1), (4) (2007). Defendant argues, and the trial court agreed, that the three-year statute of limitations under N.C.G.S. § 1-52 applied to Plaintiffs' action on the promissory notes and security agreements.
Plaintiffs' argument for application of N.C.G.S. § 1-47(2) is unpersuasive. N.C.G.S. § 1-47(2) explicitly states that the ten-year statute of limitations applies only to claims made "against the principal" to a sealed instrument. N.C.G.S. § 1-47(2). In the present case, Plaintiffs executed and signed the promissory notes and security agreements and, therefore, were the principals to those documents. However, the present case is not an action "against the principal[s]" to the promissory notes and security agreements. Rather, Plaintiffs instituted the present action, and the ten-year statute of limitations does not apply to the claim filed by them.
Moreover, although N.C.G.S. § 1-47(2) does apply to certain counterclaims, Plaintiffs' action was not such a counterclaim. In Bank v. Holshouser, 38 N.C. App. 165, 247 S.E.2d 645 (1978), our Court recognized that N.C.G.S. § 1-47(2)
was amended in 1969 to allow persons sued under such sealed instruments to assert any claims or defenses they might have by joinder of third parties as allowable under the Rules of Civil Procedure (G.S. 1A-1), even though those claims might otherwise be barred by other limiting statutes. This amendment ameliorated the potential for harsh results in the situation where a financial institution could wait to sue for deficiency after repossession and sale of collateral security until after the buyer's rights of action against sellers for any breach of warranty were barred.
Id. at 170, 247 S.E.2d at 647. However, in the present case, Plaintiffs were not sued under the sealed promissory notes and security agreements. Rather, Plaintiffs sued Defendant and sought to take advantage of the ten-year statute of limitations. Plaintiffs do not satisfy the requirements of N.C.G.S. § 1-47(2), and therefore the ten-year statute of limitations does not apply. We therefore hold that the trial court did not err in determining that the three-year statute of limitations, under N.C.G.S. § 1-52, applied to Plaintiffs' claims.
A statutory limitations period begins to run when the right to institute and maintain a suit arises. Penley v. Penley, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985). In this case, Defendant, purporting to act for Federal Point Yacht Club Limited Partnership, sent Plaintiffs a letter on 5 December 2002 notifying them that Federal Point Yacht Club Limited Partnership intended to sell slips D-48 and D-49 for Plaintiffs' default on the promissory notes. Moreover, it is uncontested that Plaintiffs were given notice on or about 10 January 2003 that slips D-48 and D-49 had been sold. Thus, at the latest, the statute of limitations began to run on 10 January 2003 and expired on 10 January 2006, prior to the filing of the present action on 15 March 2007. Accordingly, Plaintiffs' action was barred by the three-year statute of limitations.
In the alternative to their primary argument, Plaintiffs assert that the doctrine of equitable estoppel applies because Plaintiffs did not discover the transfer of the boat slips to Defendant until late 2006. We disagree.
In North Carolina, equitable estoppel is available only "when a party has been induced by another's acts to believe that certain facts exist, and that party `rightfully relies and acts upon that belief to his detriment.'" Jordan v. Crew, 125 N.C. App. 712, 720, 482 S.E.2d 735, 739 (quoting Thompson v. Soles, 299 N.C. 484, 487, 263 S.E.2d 599, 602 (1980)), disc. review denied, 346 N.C. 279, 487 S.E.2d 548 (1997). "In order for equitable estoppel to bar application of the statute of limitations, a plaintiff must have been induced to delay filing of the action by the misrepresentations of the defendant." Id.
Plaintiffs rely on Friedland v. Gales, 131 N.C. App. 802, 509 S.E.2d 793 (1998), where our Court held that "one who actively, affirmatively and deliberately conceals his identity as a tortfeasor is equitably estopped from asserting the statute of limitations as a defense to an action for damages resulting from his tortious act." Id. at 805, 509 S.E.2d at 796. However, Defendant's actions in this case do not meet the standard required by Friedland to support application of equitable estoppel. In Friedland, a wrongful death action, the defendant denied that he participated in the death of the victim, who died on 27 July 1990. Id. at 804, 509 S.E.2d at 795. The plaintiff did not discover that the defendant actually caused the death of the victim until 20 March 1995. Id. Until that time, the defendant continually told the police and others that someone else had killed the victim. Id. Our Court concluded that the defendant,
having actual knowledge of material facts, actively and deliberately concealed those facts with the intent to prevent discovery thereof by others, including the plaintiff; and that in consequence of [the] defendant's conduct, [the] plaintiff was without knowledge of those facts and without means to discover them within the period of the statute of limitations, thereby relying to his detriment on [the] defendant's conduct.
Id. at 809, 509 S.E.2d at 798. Our Court thus held that the defendant was equitably estopped from asserting that the statute of limitations ran from the death of the victim in 1990. Id.
Applying Friedland to this case, it is clear that the facts do not support application of the doctrine of equitable estoppel. Plaintiffs have not alleged that Defendant actively, affirmatively and deliberately concealed his identity. The fact that Plaintiffs did not discover until 2006 that Defendant had received possession of the boat slips is irrelevant to an equitable estoppel analysis without such deliberate actions by Defendant. Rather than concealing his identity, the record shows that Defendant made himself known early in the process, sending Plaintiffs a letter in 2002 demonstrating his involvement in the boat slips sales.
Plaintiffs received notice of the sale of slips D-48 and D-49 by way of the closing statement from Federal Point Yacht Club on or about 10 January 2003. None of the facts alleged by Plaintiffs lead to the conclusion that any party made misrepresentations inducing Plaintiffs to delay filing their action. Defendant wrote to Plaintiffs regarding the slips in December of 2002, thus refuting any allegation that Defendant attempted to conceal his identity. Plaintiffs therefore had until January 2006, three years from receipt of the closing statement, to file any action resulting from the sale. The trial court did not err by granting Defendant's motion for judgment on the pleadings.

II.
Plaintiffs also argue the trial court erred by allowing Defendant's motion for judgment on the pleadings because the standard applied by the trial court was in error. In granting Defendant's motion for judgment on the pleadings, the trial court stated, in part: [A]fter hearing from counsel for Plaintiffs and counsel for Defendant and reviewing[] the pleadings, it appears to the Court, in its discretion, that the pleadings establish that . . . Plaintiffs instituted the instant action after the expiration of the applicable statute of limitations, that no material issue of fact remains to be resolved and that . . . Defendant is entitled to Judgment as a matter of law.
Plaintiffs argue that because the trial court used the phrase "in its discretion," the trial court employed an incorrect standard.
Review of the entire judgment shows that the trial court employed the correct standard in its ruling. The trial court explicitly stated that "no material issue of fact remains" and that Defendant was entitled to judgment "as a matter of law." In doing so, the trial court acted within its "inherent power to render judgment on the pleadings where the facts shown and admitted by the pleadings entitle a party to such judgment." Wilson v. Development Co., 276 N.C. 198, 206, 171 S.E.2d 873, 878 (1970). We overrule this assignment of error.
Affirmed.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).